UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **TAMARA GREEN, et al.,**<br><br>**Plaintiffs/Counter-Defendants,**<br><br>v.<br><br>**WILLIAM H. COSBY, JR.,**<br><br>**Defendant/Counter-Plaintiff.** | Case No.: 3:14-cv-30211-MGM (lead case) |
| **TAMARA GREEN, et al.,**<br><br>**Plaintiffs,**<br><br>v.<br><br>**WILLIAM H. COSBY, JR.,**<br><br>**Defendant.** | Case No.: 3:16-mc-93027-MGM |

## ORDER

### April 11, 2017

On April 11, 2016, Plaintiffs filed a motion to quash Defendant William H. Cosby, Jr.'s subpoena to Kaplan Leaman & Wolfe ("KLW"). (Docket #1).[1] The motion was initially filed in the Eastern District of Pennsylvania. However, upon motion by Cosby, the motion to quash was transferred to this court on November 28, 2016. (Dockets #22, 23). The motion was referred to the undersigned for a ruling on December 5, 2016 pursuant to 28 U.S.C. § 636(b)(1)(A). (Docket

---

[1] Unless otherwise noted, all docket entries in this order shall refer to Green v. Cosby, case number 3:16-mc-93027-MGM.

#26). A hearing on the motion before the undersigned was held on February 10, 2017.[2] (Docket #38). In response to the court's directive, on February 17, 2017, both Plaintiffs and Cosby filed a supplemental memorandum addressing the discrete hypothetical of whether it would be appropriate to restrict the use by Plaintiffs of evidence that was procured by the misconduct of a third party. (Dockets #39 and 40, respectively; see Docket #491 at 92-93 in case number 3:14-cv-30211-MGM). This matter is now ripe for adjudication. For the reasons that follow, the motion to quash is GRANTED.

I. BACKGROUND

In 2005, Andrea Constand sued Cosby in the Eastern District of Pennsylvania claiming that Cosby had sexually assaulted her. See generally Constand v. Cosby, 05 Civ. 1099 (E.D. Pa. 2005) ("Constand"). In connection with that matter, Cosby gave a deposition. This deposition was stenographically recorded by KLW. During discovery, portions of the Cosby deposition transcript were filed with the Constand court as exhibits to motions. Pursuant to Constand's Case Management Order 2 (the "CMO"), these materials were filed under seal. The parties settled and jointly dismissed the Constand action in 2006 by reaching a private confidential settlement agreement (the "CSA").

In July 2015, the Honorable Eduardo C. Robreno ordered the unsealing of the previously-sealed motions, and more notably, their accompanying exhibits including portions of the Cosby deposition in which Cosby made damaging admissions. See Constand Docket #105-06 (the "unsealing order"). Soon after Judge Robreno issued the unsealing order, counsel for Plaintiffs obtained the complete transcript of the Cosby deposition. According to the affidavit of Gregg B. Wolfe, the owner of KLW, KLW independently and without external influence, interpreted Judge

---

[2] Pursuant to consent motion by the Plaintiffs, the motion to quash was held in abeyance from December 15, 2016 until January 13, 2017. (See Dockets #32, 33, 35).

Robreno's unsealing order as meaning that "the full deposition transcripts could properly be released." (Docket #1-1 at 23-24). KLW thus released the full transcript to numerous outlets. As recognized in a prior order, Plaintiffs' counsel requested the transcript from KLW, and thus did not obtain it through the formal discovery process. (See Docket #307 at 2 in case number 3:14-cv-30211-MGM).

On February 1, 2016, Cosby filed suit against American Media, Inc., Dolores M. Troiani, Bebe Kivitz, Andrea Constand, and Gianna Constand alleging that these defendants had violated their confidentiality obligations under the CSA. Cosby v. American Media, Inc, 16 civ. 508 (E.D. Pa. 2016) ("AMI"). In the complaint, Cosby alleged that his deposition was improperly released because Troiani and Kivitz, Constand's lawyers in the 2005 civil action against Cosby, either instructed KLW to release it, or knowingly failed to use their best efforts to ensure that KLW, a vendor whom they had retained, complied with the confidentiality provisions of the CSA. On July 28, 2016, Cosby voluntarily dismissed the AMI action. See AMI Docket #56.

On March 29, 2016, Cosby issued a subpoena to KLW, commanding KLW to appear and provide documents and testimony on April 14, 2016. Cosby issued an amended subpoena, that at issue here, on April 7, 2016, changing the location of appearance. (Docket #2-1). The subpoena calls for corporate testimony on five subject matters encompassing the circumstances of KLW's release of Cosby's deposition and the production of thirteen different categories of documents. (Id.).

II. ANALYSIS

Cosby argues that the motion to quash should be denied because the Plaintiffs and their counsel lack standing to quash the subpoena. (Docket #8 at 16-17). Plaintiffs, on the other hand, claim that, along with their counsel, they each have standing to challenge the subpoena because

3

the subpoena seeks testimony and documents concerning Plaintiffs and their counsel and their communications. (Docket #1 at 18).

"As a general rule, a party lacks standing to quash a subpoena issued to a nonparty unless the information sought is privileged or implicates the party's privacy interests." DeGrandis v. Children's Hosp. Boston, No. 14-10416-FDS, 2016 U.S. Dist. LEXIS 114013, at *12 (D. Mass. Aug. 25, 2016) (Kelley, M.J.) (citing Patrick Collins, Inc. v. Does 1-38, 941 F. Supp. 2d 153, 159 (D. Mass. 2013)). "The personal right or privilege claimed need not be weighty: parties need only have 'some personal right or privilege in the information sought" to have standing to challenge a subpoena to a third party." Id. (quoting Patrick Collins) (emphasis in original).

However, this court need not delve into the standing issue. Federal Rule of Civil Procedure 26(b)(2)(C)(iii) requires the court to limit the frequency or extent of discovery otherwise allowed under those rules or by local rules if it determines that the proposed discovery is outside the scope permitted by Rule 26(b)(1). The court may do so "[o]n motion or on its own." Fed. R. Civ. P. 26(2)(C). If the court could effect the relief Plaintiffs seek sua sponte, the court is not precluded from reaching the same result merely because Plaintiffs have taken the initiative. Accusoft Corp. v. Quest Diagnostics, Inc., No. 12-40007-FDS, 2012 U.S Dist. LEXIS 54216, at *32 (D. Mass. Apr. 18, 2012).

Federal Rule of Civil Procedure 26(b)(1) provides that, unless otherwise limited by court order:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense or the proposed discovery outweighs its likely benefit.

Evidence is relevant if "it has any tendency to make a fact more or less probable that it would be

without the evidence" and "the fact is of consequence in determining the action." Fed. R. Civ. P. 401. The information sought by the subpoena at issue, namely the basis for KLW's decision to release the full Cosby deposition, is not relevant to any of the claims or defenses in the instant case which sound in defamation, invasion of privacy, intentional infliction of emotional distress, and tortious interference. (See Dockets #109, 121 in case number 3:14-cv-30211-MGM). While this information would be relevant to the claims and defenses asserted in the AMI proceeding, Cosby has voluntarily dismissed that action.

Nonetheless, a court may, within its discretion, exercise its inherent "equitable powers . . . over [its] own process, to prevent abuse, oppression, and injustice." Gumbel v. Pitkin, 124 U.S. 131, 145-46 (1888). Cosby seeks the information sought by the subpoena to determine whether misconduct factored into KLW's decision to release his full deposition. (Docket #8 at 19). If so, Cosby intends to challenge the Plaintiffs' continued use of the deposition. (Id.).

While the court has a duty to protect the integrity of the proceedings before it, KLW has filed an affidavit that, at least on its face, is sufficient to allay any concerns the court may have regarding alleged misconduct. Among other things, the owner of KLW avers that his "office released the full transcripts of the Cosby deposition because I believed, formed independent of anyone . . . the full deposition transcripts could properly be released." (Docket #1-1 at 23-24). Moreover, immediately upon learning that the release of the full deposition transcript was disputed, KLW wrote a letter to Judge Robreno seeking guidance on the propriety of that decision. (Docket #255-2 at 4 in case number 3:14-cv-30211-MGM). There is no evidence of coercion or any other impropriety on the part of Plaintiffs or their counsel. See Brado v. Vocera Communs., Inc., 14 F. Supp. 3d 1316, 1320 (N. D. Cal. 2014) (collecting cases) (finding that lack of improper conduct by plaintiffs' counsel in obtaining documents misappropriated by a former employee of defendant

was one factor in allowing their use by plaintiffs).

Further, as persuasively argued by Plaintiffs, counsel would have obtained the full deposition transcript in the ordinary course of discovery. On March 21, 2016, Judge Brody of the Eastern District of Pennsylvania denied, in part, Cosby's motion to quash the subpoena served by Plaintiffs on Attorney Troiani. Green v. Cosby, 314 F.R.D. 164, 174 (E.D. Pa. 2016). This subpoena sought the production of Troiani's entire case file for the Constand action exclusive of attorney-client communications and work product. Id. at 169. Judge Brody denied the motion to quash as to materials in Troiani's case file pertaining to Plaintiffs and the other witnesses, i.e. women who accused Cosby of sexual assault and were investigated as potential witnesses in the Constand litigation. Id. at 174. While Plaintiffs already possessed the Cosby deposition at the time of Judge Brody's ruling, it is clear that the ruling would have encompassed the deposition. Hence, even had Plaintiffs obtained the Cosby deposition improperly initially, the issue here would be one of timing rather than substance. See Brado, 14 F. Supp. 3d at 1321-22. Cosby has failed to demonstrate any prejudice caused by Plaintiffs' receipt of the Cosby deposition prior to March 21, 2016.

In sum, the information that Cosby seeks is beyond the scope of Rule 26(b)(1). Moreover, the undersigned is satisfied, on the basis of the record before it, that the discovery sought is not needed to protect the integrity of these proceedings.

## **CONCLUSION**

For the foregoing reasons, the motion to quash (Docket #1) is GRANTED.

*/s/ David H. Hennessy*
David H. Hennessy
U.S. Magistrate Judge